# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

vs.

**Case No. 4:99cr62-RH**
**Case No. 4:05cv119-RH/WCS**

**ANTHONY SWATZIE,**

   Defendant.

_____/

## REPORT AND RECOMMENDATION ON MOTION

This cause is before the court on Defendant's "Petition for a Federal Sentencing Reduction and or Relief Pursuant to Title 18 U.S.C. 3582(c)(2) // a Petition to Correct an Unconstitutional Sentence." Doc. 66. Defendant asserts that, pursuant to § 3582(c)(2), the court should correct an unconstitutional sentence pursuant to 18 U.S.C. § 3742. Defendant asserts that the finding of drug quantity by the court at sentencing rather than by the jury violated the Sixth Amendment. Doc. 66, pp. 4-16 (issue one). He also challenges his sentencing as an armed career offender, asserting this was not determined by a jury and that the state offenses relied upon did not justify enhancement. *Id.*, pp. 17-22 (issue two).

Defendant was sentenced to life and judgment was entered on the docket on February 11, 2000. Doc. 29. Defendant filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, doc. 48, which was denied with prejudice. Docs. 57-59 (report and recommendation, order, and judgment entered on August 21, 2003). Defendant did not appeal.

In 2004, Defendant filed a motion for relief from the criminal judgment pursuant to Fed.R.Civ.P. 60(b). Doc. 60.[1] This court found it lacked jurisdiction, as the motion was essentially a second or successive § 2255 motion which had not been authorized by the court of appeals. Docs. 61 and 63, both citing, *inter alia*, Gonzalez v. Secretary for Dept. Of Corrections, 366 F.3d 1253 (11th Cir. 2004), *pet. for cert. granted in part*, __ U.S. __, 125 S.Ct. 961; *cert. denied*, __ U.S. __, 125 S.Ct. 965 (2005). Defendant also filed a motion to recall judgment which was denied. Docs. 64 and 65.

Now Defendant seeks relief citing § 3582(c)(2) and § 3742, neither of which authorizes relief.[2] As with the purported Rule 60(b) motion, the court should construe

---

[1] The motion was titled as: "Motion for Void Judgment for Lack of Subject Matter Jurisdiction for the United States District Court to Use Prior State Convictions to Sentence Enhance Defendant on Evidence of 'State Offenses,' and the Judgment Is Void for Stating in the Judgment Nature of Offense Possession with Intent to Distribute Cocaine Base and Cocaine, When it Was Never Proved That 'Crack Cocaine' Was Involved." Doc. 60.

[2] Section 3582(c)(2) authorizes the court, in its discretion, to modify a term of imprisonment if the sentencing range has subsequently been lowered by the Sentencing Commission, if "consistent with the applicable policy statements issued by the Sentencing Commission;" *i.e.,* if the amendment is listed in U.S.S.G. § 1B.10(c). § 1B1.10(a); United States v. Pelaez, 196 F.3d 1203, 1205, n. 3 (11th Cir. 1999). Defendant has not identified any retroactive amendment authorizing modification under § 3582(c)(2). Section 3742 governs review of a sentence on appeal, but Defendant's appeal was decided years ago. Doc. 46; United States v. Swatzie, 228 F.3d 1278 (11th Cir. 2000), *cert. denied*, 533 U.S. 953 (2001).

Case Nos. 4:99cr62-RH and 4:05cv119-RH/WCS

the purported § 3582 motion as an attempt to file a second or successive motion under § 2255.  See Gonzalez, 366 F.3d at 1277, n. 10 (the limitations on recharacterizing a document as a first § 2255 motion do not extend beyond initial filings, or allow movant to evade the restrictions on second or successive motions).  Defendant has not obtained authorization from the court of appeals, and this court may not consider his second or successive motion.  § 2255 (referencing § 2244); § 2255 Rule 9 (party must obtain authorization from court of appeals before presenting a second or successive motion).

It is therefore respectfully **RECOMMENDED** that Defendant's motion for sentencing reduction (doc. 66) be **SUMMARILY DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 18, 2005.

        s/    William C. Sherrill, Jr.
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case Nos. 4:99cr62-RH and 4:05cv119-RH/WCS