IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                            CASES NO. 4:99cr62-RH
                                             4:13cv476-RH/CAS

ANTHONY SWATZIE,

      Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

The defendant Anthony Swatzie has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 96. No objections have been filed. This order accepts the report and recommendation and denies the § 2255 motion.

Mr. Swatzie was convicted of possessing cocaine and crack cocaine with intent to distribute. The minimum mandatory sentence on this charge was 10 years in prison. His guideline range was 360 months to life. As a matter of discretion, based on a number of factors including that Mr. Swatzie continued to deal drugs

while ostensibly cooperating with law enforcement, I sentenced Mr. Swatzie to life in prison.

Drug weight was not submitted to the jury, because under the law of the circuit at the time of trial, drug weight was a sentencing factor not subject to a jury trial. That changed with *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Under *Apprendi*, a defendant in a criminal case has a right to a jury trial on any fact, other than a prior conviction, that increases the maximum sentence that could be imposed on a charge. *Apprendi* was decided while Mr. Swatzie's appeal was pending, and Mr. Swatzie relied on the new decision. The Eleventh Circuit held that even if the failure to submit drug quantity to the jury was error, it made no difference in Mr. Swatzie's case.

Mr. Swatzie now invokes *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which extended *Apprendi* to any fact, other than a prior conviction, that increases the minimum mandatory sentence that must be imposed on a charge. Just as Apprendi made no difference in Mr. Swatzie's case, so also *Alleyne* makes no difference in Mr. Swatzie's case. And it is virtually certain that the Eleventh Circuit ultimately will hold that *Alleyne* is not retroactively applicable to cases on collateral review. *See McCoy v. United States*, 266 F.3d 1245, 1256-58 (11th Cir. 2001) (holding that *Apprendi* is not retroactively applicable to cases on collateral review).

In any event, as the report and recommendation correctly concludes, this is a second or successive motion that cannot go forward without authorization from the Court of Appeals. The motion must be denied for lack of jurisdiction.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The defendant has not made the required showing. This order thus denies a certificate of appealability. Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal. Accordingly,

IT IS ORDERED:

1. The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is DENIED.

2. The defendant's application for a certificate of appealability is DENIED.

3. Leave to proceed on appeal *in forma pauperis* is DENIED.

SO ORDERED on October 7, 2013.

s/Robert L. Hinkle  
United States District Judge